The Honorable Travis Dowd State Representative District 94 Post Office Box 2015 Texarkana, AR 75502
Dear Representative Dowd:
This is in response to your request for an opinion on the following questions:
 Does Ordinance 89-26 allow for the county to publish its legal notices in a Lafayette County newspaper without a majority vote of the Quorum Court?
If Miller County officials published legal notices in a Lafayette County newspaper without the consent of the Quorum Court, does that render publication of all unauthorized legal notices void?
And, if unauthorized legal notices are void, would any action taken as a result of the legal notices also be void?
A review of Miller County Ordinance Number 89-26 does not necessarily compel the conclusion that a majority vote of the Quorum Court is a prerequisite to the publication of legal notices in a Lafayette County newspaper. The ordinance permits the use of a Miller County paper, in accordance with Act 681 of 1989 due, apparently, to a Quorum Court member's association with that publication. Your first question involves an interpretation of Section 2 of Ordinance Number 89-26, which states:
 SECTION #2. This Ordinance shall allow ongoing purchases of said services as long as the rates for publication are less or equal to other publications. This ordinance in no way limits this Court to publication in this one source. AT THE DIRECTION OF THE QUORUM COURT, because of the need to present at some times the greatest contact possible other sources may be used. (Emphasis added.)
A majority vote of the Quorum Court would be required if the above language mandated "legislative action" of the Court. See A.C.A.14-14-904. We were unable to conclude that this was the intent of Ordinance Number 89-26, in the absence of clearer guidance to this effect from the Court. Section #3 also reflects this language in connection with the rate paid for the service, stating that the County Judge ". . . at the direction of the Quorum Court will have this service accomplished at the lowest rate while acting as Miller County's purchasing Agent." Surely this language does not require further legislative action of the Quorum Court before "the lowest rate" will be required.
It is therefore my opinion, in response to your first question, that a majority vote of the Quorum Court, i.e., legislative action, is not necessarily mandated by the language of Miller County Ordinance Number 89-26. A conclusive answer to this question would, of course, require consideration of any other pertinent county ordinances or resolutions.
In response to your other two questions, if in fact a majority vote was required in order to publish notices in "other sources," it may be successfully contended that these notices were unauthorized and thus void. Action taken in accordance with the notice(s) would therefore be subject to challenge. This determination would, however, require consideration of all facts and circumstances in each instance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.